Emmett J. Schnepp, J.
Petitioners, Clements and Gabrielli, seek to become candidates for the nomination of their respective political party for the office of City Councilman of the City of Rochester Council, and they have undertaken to circulate designating petitions to obtain a position on the ballot for the primary election scheduled for June 4, 1973. Under the law the period for circulating designating petitions extends from March 12, 1973 to April 12, 1973, the final date for their filing. The respondents are required under law to prepare and publish on or before February 28, 1973 lists of enrolled voters eligible to vote in the primary election. Due to administrative delays or difficulties resulting from the moving of the office of the Board of Elections, these lists were not available to petitioners until March 21,1973.
The petitioners claim that, because of the failure of the respondents to have such lists of enrolled voters available for the full period of time allotted by the law, their efforts to secure a place on the June 4, 1973 primary ballot have been substan *807 tially impaired and they will be unable to organize their campaigns to obtain the necessary signatures ‘ ‘ without extraordinary efforts ”. The application before the court is for an order extending the period of time of the petitioners to file designating petitions by the number of days that the lists were unavailable after February 28, 1973.
The respondents claim that failure to file a petition relating to the designation or the nomination of a candidate for a party position within the time fixed by statute constitutes a ‘ ‘ fatal defect ” (Election Law, § 143, subd. 12), and that the court has no power to extend the time. It is further contended that any extension of time would seriously impair respondents in carrying out their duties in connection with ballot printing and election machinery preparation.
While it may be true, as alleged by petitioners, that the purpose of the law, which requires the respondents to prepare and publish a list of enrolled voters eligible to vote at the primary election, is to enable candidates and their supporters to use the lists in organizing their efforts to obtain the necessary signatures, there is no evidence before the court upon which a finding could be predicated that sufficient signatures may not be obtained by the candidates in question within the time permitted by law. The petitions in fact infer that with ‘6 extraordinary efforts ” signatures may be obtained. It thus appears possible for these candidates to secure the necessary number of signatures to their petitions during the time available for that purpose. Either sufficient signatures will be obtained within the time period allotted by law, in which event there would be no need for court intervention, or some definite evidence will be available as to the difficulties or impossibilities of obtaining the required signatures, due to the failure to have such lists of enrolled voters, and any oral proof at this time would be speculative at the best. There is no evidence before the court from which it is possible to make a finding at this time that the failure of respondents to provide the lists of enrolled voters may cause a delay in the filing of the nominating petitions in question, and there is no reason prematurely to extend the time expressly fixed by statute for the filing of petitions.
This court may not arbitrarily change the timetable fixed by the Legislature for the 1973 primary election, or disrupt the orderly administration of the election laws for abstract or speculative purposes or to pass on questions which may be academic. The relief cannot be granted solely because of the lack of foresight of the respondents or to relieve the petitioners of the consequences of the error. As of this moment there is *808 no late filing, and there may never he one, and no judicial power should he considered or exercised, under the circumstances before the court, unless it is made to appear that the rights of the petitioners and of the voters have been substantially prejudiced or impaired by the actions of the respondents. To grant the relief sought at this time and on the existing record would constitute an abuse of discretion and be beyond the jurisdiction of this court. The applications are denied and the petitions dismissed. It is unnecessary to pass on other objections raised by the respondents.